George PATHOS, as attorney in fact on behalf of claimant, Eleni S. Ermedes, Plaintiff,

v.

Oveta Culp HOBBY, as Secretary of The Department of Health, Education and Welfare, Defendant.

Civ. A. No. 2763-53.

United States District Court, District of Columbia.

Feb. 4, 1955.

Achilles Catsonis, Washington, D. C., for plaintiff.

Rufus E. Stetson, Jr., Asst. U. S. Atty. for District of Columbia, Washington, D. C., for defendant.

HOLTZOFF, District Judge.

This case involves a human drama. The claimant and the deceased were husband and wife. They were Greeks living in Turkey, who were married in 1910. In 1913 the husband left for the United States and lived in the United States the balance of his life, dying in 1948. He never brought his wife here. She remained abroad permanently. Shortly after World War I she became one of many refugees who were moved from Asia Minor to the island of Corfu

by the Greek Government, and apparently has been living in Corfu ever since and is now living there.

The evidence tends to show that from time to time the deceased sent remittances to his wife amounting to twenty, thirty or forty dollars which, no doubt, were considerable sums abroad. These remittances were made periodically from 1913 until 1941. How frequent they were, the evidence does not clearly indicate, but apparently they constituted a substantial part of the wife's support during the period from 1913 to 1941. In 1941 the remittances ceased and it does not appear that any more remittances were ever made by the deceased from that time on.

It is argued in behalf of the claimant that from 1941 until 1944 it was not possible to send any remittances in view of the fact that enemy troops occupied Greece during those years. Sometime subsequent to 1945 the deceased became disabled and went on relief. However, he did not start receiving any awards under the Social Security Act until April, 1947.

The record is not quite clear whether he was financially able to send any remittances to his wife during the years 1945 to 1947. The question of fact is one to be resolved by the Administrator.

The widow has presented a claim for benefits under the old age insurance provisions of the Social Security Act, 42 U.S.C.A. § 301 et seq. The claim was denied by the Administrator and the present action seeks to set aside his decision. No doubt this case has a strong human appeal. Apparently the husband remained faithful to his wife, at least to the extent of sending her regular support from 1913 until 1941, although apparently he never saw her during that period. It does not appear that he attempted to contract any alliance with any other woman in this country. The widow appears to be destitute and, being in her seventies, is probably not in a position to earn a livelihood.

The authority of the Court, however, is strictly limited by statute. Title 42 U. S.C.A. § 405(g) defines the scope of review of the Administrator's action. It contains the provision that is customarily found in statutes relating to judicial review of administrative actions, to the effect that the findings of the Administrator as to any fact, if supported by substantial evidence, shall be conclusive. Naturally the Court has also the authority to review any questions of law that may arise.

The statutory provisions that govern this claim are as follows: Section 402(e) of Title 42 U.S.C.A. provides that the widow of a fully insured individual shall receive certain insurance benefits after the death of her husband if she was living with him at the time of his death. Section 416(h), Paragraph 2, provides that a wife shall be deemed to be living with her husband if they are both members of the same household or she is re ceiving regular contributions from hin\ toward her support or if he has been ordered by any court to contribute to her support. It further provides that a widow shall be deemed to have been living with her husband at the time of his death if they were both members of the same household at the time or if she was receiving regular contributions from him toward her support on such date, namely, the date of the death.

■ This statute obviously carries the meaning of the concept of a wife living with her husband quite far beyond the popular understanding of those terms. The Congress, however, has a right to legislate by attaching definitions to words so that they mean something else than what they would ordinarily be understood to signify. That is not the most artistic type of draftsmanship but it is within the power of the Congress.

The Administrator found that regular contributions were made by the husband to the wife up to 1941, but that none were made from 1941 until his death in 1948. The Administrator must be deemed to have found that the evidence does not sufficiently establish inability on the part of the husband to contribute during those years, if inability to do so would

be sufficient to take the matter out of the statutory limitations. The Court is unable to reach a conclusion that the findings of fact are not supported by substantial evidence; nor is it able to reach a conclusion that the decision or the procedure of the Administrator is not in conformity with the law.

The Court is somewhat perturbed by the fact that although the statutory provisions embody a contributory old age insurance scheme, and no doubt ever since the enactment of the Social Security Act the husband was making contributions to the insurance fund through deductions from his pay, nevertheless there is no provision for a refund of those contributions in the absence of a valid claim to benefits. This seems to the Court to be an omission in the statutory plan that seems to result in some injustice. Nevertheless, the Court has no power to cure this omission. That is a matter that perhaps the Executive Branch of the Government might see fit to bring to the attention of the Congress.

In the light of this discussion, the Court is constrained to sustain the decision of the Administrator and judgment will be rendered accordingly.